UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

TANISHA BRIGGS, and ANTHONY PRATT,

                          Plaintiffs,   **COMPLAINT**

     -against-

THE CITY OF NEW YORK; SGT. ROGER PEREZ,
Tax # 914479; and P.O. SABRINA TRUNZO,     ECF Case
Shield # 23545, and TAX # 934225; and
P.O. JOHN DOES # 1-5 the individual       Jury Trial Demanded
defendant(s) sued individually and in
their official capacities,

                          Defendants.
------------------------------------------ X

**PRELIMINARY STATEMENT**

     1.   This is a civil rights action in which plaintiffs seeks relief for the violation of plaintiffs' rights secured by 42 U.S.C. §§ 1983; and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiffs' claims arise from an incident that arose on or about February 10, 2010. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, unlawful search and seizure, false arrest, unreasonable force, failure to intervene, malicious prosecution, denial of a fair trial, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seek compensatory and punitive

damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

### PARTIES

5.  Plaintiff Tanisha Briggs is a resident of the State of New York, Richmond County.

6.  Plaintiff Anthony Pratt is a resident of the State of New York, Richmond County.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8.  Defendants Sgt. Roger Perez, Tax # 914479; P.O. Sabrina Trunzo, Shield # 23545, and Tax # 934225; and P.O. John

Does # 1-5 are New York City Police Officers, employed with the 120th Precinct, "NBSI", and/or "SIGS", located in Richmond County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

10. On February 10, 2010, at and in the vicinity of 55 Bowen Street, Apt. # 503, Staten Island, New York, and the 120th Precinct, Staten Island, New York, several police officers operating from the 120th Precinct, "NBSI", and/or "SIGS", located in Richmond County, New York, including upon information and belief, defendants Sgt. Roger Perez, Tax # 914479; P.O. Sabrina Trunzo, Shield # 23545, and Tax # 934225; and P.O. John Does # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiffs.

11. On February 10, 2010, at and in the vicinity of 55 Bowen Street, Apt. # 503, Staten Island, New York ("the apartment"), the defendant officers, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully entered the apartment.

12. The defendants, including defendants Sgt. Roger Perez, Tax # 914479; P.O. Sabrina Trunzo, Shield # 23545, and Tax # 934225; and P.O. John Does # 1-5, broke through the door of the apartment.

13. A third person leased the apartment.

14. Plaintiffs were guests in the apartment.

15. Once the defendant officers entered the apartment, plaintiffs and the other occupants were not free to disregard the defendants' questions, walk away or leave the scene.

16. The defendants, including defendants Sgt. Roger Perez, Tax # 914479; P.O. Sabrina Trunzo, Shield # 23545, and Tax # 934225; and P.O. John Does # 1-5, maliciously, gratuitously, and unnecessarily grabbed plaintiff Tanisha Briggs, brought her down to the floor, wrenched and twisted her arms, and placed excessively tight handcuffs on her wrists.

17. The defendant officers searched plaintiff Tanisha Briggs but found no controlled substances, contraband, or weapons on plaintiff.

18. The defendants, including defendants Sgt. Roger Perez, Tax # 914479; P.O. Sabrina Trunzo, Shield # 23545, and Tax # 934225; and P.O. John Does # 1-5, maliciously, gratuitously, and unnecessarily grabbed plaintiff Anthony Pratt,

threw him down to the floor, stomped on him, wrenched and twisted his arms, and placed excessively tight handcuffs on his wrists.

19. The defendant officers searched plaintiff Anthony Pratt but found no controlled substances, contraband, or weapons on plaintiff.

20. The defendant officers ignored plaintiff Tanisha Brigg's requests to use the bathroom and be seen by a doctor because she was several months pregnant.

21. Plaintiffs were physically injured as a result of the unreasonable force, suffering marks to their bodies and pain.

22. The defendant officers took plaintiffs to an awaiting police van and drove them to the 120th Precinct for arrest processing.

23. In order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, falsely and maliciously told the Richmond County District Attorney's Office that plaintiffs had committed various crimes, including Criminal Possession of a Controlled Substance in the 7th Degree and Unlawful Possession of Marijuana.

24. The defendants made these false allegations, despite the fact that they had no evidence that plaintiffs had

committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

25. The plaintiffs were arraigned and released on their own recognizance.

26. The criminal cases against the plaintiffs were dismissed on or about April 7, 2010, on motion of the District Attorney's Office, terminating in their favor.

27. The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

28. Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

29. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

30. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts

by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

31.  As a direct and proximate result of defendants' actions, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

32.  Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

33.  Upon information and belief, the unlawful actions against plaintiffs were also based on profiling.

### FIRST CLAIM

#### (UNLAWFUL SEARCH AND SEIZURE)

34.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

35.  Defendants unlawfully entered plaintiffs' homes, and searched plaintiffs without cause, a lawful warrant, or consent.

36. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST)

37. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

38. Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

39. Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

40. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

41. The individual defendants' use of force upon plaintiffs was objectively unreasonable.

42. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force

against plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

43. Those defendants who did not touch plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

44. Accordingly, the defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

45. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

46. Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

47. Accordingly, the defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

48. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

63. The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

64. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

65. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

49. The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiffs.

### SIXTH CLAIM

#### (DENIAL OF FAIR TRIAL)

50. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

51. The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against

plaintiffs, depriving plaintiffs of liberty without due process of law.

52. Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

53. Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

54. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

55. The individual defendants are also liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a

court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## SEVENTH CLAIM

### (MONELL CLAIM)

56. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

58. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully executing warrants and searches; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

59. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts

alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

60. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

61. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

62. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

63. In addition to frequently violating the civil rights of countless residents of New York City, numerous members

of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

64. Additionally, the existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred from an analysis of the NYPD conducted by the

New York Civil Liberties Union ("NYCLU"). The NYCLU's analysis revealed that more than 2 million innocent New Yorkers were subjected to police stops and street interrogations from 2004 through 2011, and that black and Latino communities continue to be the overwhelming target of these tactics. Nearly nine out of 10 stopped-and-frisked New Yorkers have been completely innocent, according to the NYPD's own reports.

        65. In August 2009, Proffer Levine released a report entitled *The Epidemic of Pot Arrests in New York City*, which stated: Perhaps most appalling is who the police are arresting for marijuana possession. United States government studies have consistently found that young whites use marijuana at higher rates than do young blacks or Latinos. But the NYPD has long arrested young blacks and Latinos for pot possession at much higher rates than whites. In 2008, blacks were about 26% of New York City's population, but over 54% of the people arrested for pot possession. Latinos were about 27% of New Yorkers, but 33% of the pot arrestees. Whites were over 35% of the City's population, but less than 10% of the people arrested for possessing marijuana. In 2008, police arrested Latinos for pot possession at four times the rate of whites, and blacks at seven times the rate of whites.

15

66. Furthermore, documented civilian complaints about officer misconduct show that African Americans are the most likely targets of abuse, but their complaints are largely ignored. According to the City of New York's Civil Complaint Review Board's ("CCRB") Status Report, dated December and January 2010, in 2010 African Americans were overrepresented as alleged victims of police misconduct. Although making up only 23% of New York City's population, they are 58.5% of the alleged victims in CCRB complaints. On the other hand, whites and Asians were a disproportionately low percentage of alleged victims.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

69.  The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.  Compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         February 7, 2013

                              MICHAEL O. HUESTON, ESQ.
                              *Attorney for Plaintiffs*
                              16 Court Street, Suite 3301
                              Brooklyn, New York 11241
                              (212) 246-2900
                              mhueston@nycfr.com
                              By:
                              _____
                              MICHAEL O. HUESTON